IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAHEE ABD'RASHEED,

    Plaintiff,                            No. CIV S-09-3560 FCD DAD P

    vs.

DEPARTMENT OF CORRECTIONS
AND REHABILITATION, et al.,

    Defendants.                ORDER

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On April 28, 2010, the undersigned issued findings and recommendations, recommending that this action be dismissed due to plaintiff's failure to file a properly completed application to proceed in forma pauperis. On May 19, 2010, plaintiff filed objections to the April 28, 2010 findings and recommendations, arguing therein that he has attempted to obtain a trust account statement from prison staff but has been denied on numerous occasions. Accordingly, plaintiff requests that the court reconsider its April 28, 2010 findings and recommendations and order prison staff to cooperate with his requests for trust account information.

        Plaintiff's inability to obtain trust account information for the purpose of filing an in forma pauperis application in this civil rights action may be explained by his status as a "three strikes" litigant. The federal in forma pauperis statute includes a limitation on the number of

1

actions in which a prisoner can proceed in forma pauperis.  Known as the "three strikes" rule, 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [§ 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The court has reviewed its own records and has determined that plaintiff has had three or more actions dismissed as frivolous, as malicious, or as failing to state a claim upon which relief may be granted.[1]  Specifically, in Rasheed v. Harrington, No. 1:09-cv-1490-AWI-DLB PC, Chief U.S. District Judge Anthony Ishii of this court found that plaintiff suffered at least the following three strikes under § 1915(g): Smith v. Holm, No. 3:06-cv-5992-SI; Smith v. Scribner, No. 1:07-cv-0509-LJO-SMS; and Smith v. Social Sec. Admin. Office, Employees, No. 1:07-cv-0531-AWI-SMS.  (See Doc. No. 3.)  Therefore, plaintiff is precluded from proceeding in forma pauperis unless he can demonstrate that he is under imminent danger of serious physical harm.  See 28 U.S.C. § 1915(g).

After a careful review of plaintiff's complaint, the court finds that plaintiff is not under imminent danger of serious physical harm.  In his complaint, plaintiff alleges that he is being denied access to his trust account and to his business and legal mail.  Plaintiff does not suggest that he is in any danger of being physically harmed.  Thus, plaintiff may only proceed with this action if he pays the $350.00 filing fee in full.  See Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005).  Accordingly, the court will grant plaintiff a final thirty days leave to pay the $350.00 filing fee.  Plaintiff is cautioned that failure to pay the filing fee in full will result in the dismissal of this action.

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

For the reasons stated above, IT IS HEREBY ORDERED that:

1. The court's April 28, 2010 findings and recommendations (Doc. No. 9) are vacated; and

2. Plaintiff shall pay the $350.00 filing fee in full within thirty days of the date of this order or this action will be dismissed without prejudice.

DATED: June 7, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
rash3560.vac+3B

3